UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD H. ROBSON,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br><br>Defendant. | Case No. 15-cv-03652 NC<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION; DENYING MOTION FOR SUMMARY JUDGMENT; DENYING MOTION FOR SANCTIONS; DENYING MOTION FOR DISCOVERY**<br><br>Dkt. Nos. 24, 27, 34 |

Plaintiff Richard Robson disagrees with the Commissioner's determination of his benefits based on his work in the United States and Canada, and he argues that the international agreements governing U.S. and Canadian social security relations are unconstitutional. The Court previously dismissed these arguments, and Robson moved for reconsideration, summary judgment, sanctions, and to take discovery. After considering all of Robson's arguments, the Court DENIES Robson's motions and AFFIRMS the ALJ's determination of Robson's benefits.

I.   **BACKGROUND**

Robson has social security retirement credits in the United States and in Canada. On December 6, 2011, the Social Security Administration granted Robson's application for U.S. Totalization benefits beginning on October 1, 2011, awarding him monthly benefits. A.R. 22. Robson requested a review of the SSA's calculation of his benefits,

Case No. 15-cv-03652 NC

1  arguing that he was entitled to a higher monthly payment. After denial by the agency,
2  Robson requested a hearing in front of an administrative law judge ("ALJ"). After a
3  hearing, the ALJ found that Robson's benefits were correctly calculated. A.R. 10-12. In
4  the opinion, the ALJ noted that "the claimant has also alleged multiple violations of federal
5  law, including due process, Racketeer Influence and Corrupt Organizations (RICO) Act,
6  and Federal Pension Protection Act violations." A.R. 11. The ALJ dismissed these
7  arguments finding that "the claimant's allegations that the procedures used by the
8  Commissioner to determine his benefit level are outside the scope of the Administrative
9  Law Judge's authority." A.R. 11. Robson appealed and the appellate panel denied his
10 appeal.

11 On August 10, 2015, Robson appealed the Commissioner's decision to the district
12 court, proceeding pro se. Dkt. No. 1. On April 29, 2016, Robson filed a motion to strike
13 defendant's answer, estop defendant, make the case a class action, and for summary
14 judgment. Dkt. No. 22. The Court denied this motion, finding that it failed to refer to the
15 administrative record and was outside the scope of the Court's administrative review
16 authority. Dkt. No. 23. The Court gave Robson an opportunity renew his motion for
17 summary judgment based on the administrative record. Instead, Robson filed a motion for
18 reconsideration (also titled a motion for summary judgment) and a motion for sanctions.
19 Dkt. No. 24. The Court held a hearing on the motions on June 1, 2016.

20 All parties have consented to the jurisdiction of a magistrate judge. Dkt. Nos. 7, 11.

21 **II.  LEGAL STANDARD**

22 A district court has the "power to enter, upon the pleadings and transcript of the
23 record, a judgment affirming, modifying, or reversing the decision of the Commissioner of
24 Social Security, with or without remanding the case for a rehearing." 42 U.S.C. § 405(g).

25 The decision of the Commissioner should only be disturbed if it is not supported by
26 substantial evidence or if it is based on legal error. *Burch v. Barnhart*, 400 F.3d 676, 679
27 (9th Cir. 2005). Substantial evidence is evidence that a reasonable mind would accept as
28 adequate to support the conclusion. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir.

2005) ("[It] is more than a mere scintilla but less than a preponderance.").  Where evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld.  *Andrews v. Shalala*, 53 F.3d 1035, 1039-40 (9th Cir.1995).

## III. DISCUSSION

Robson's complaint, motion for reconsideration, and motion for sanctions address a number of ethical and jurisdictional issues.  The Court first addresses Robson's accusation that the Court is conspiring with counsel for the Commissioner.  Second, the Court considers the procedural posture of Robson's motion.  Then, Court addresses its jurisdiction over Robson's constitutional claims, the motion to amend to add class action claims, and the motion for sanctions.

### A.   Impartiality of the Court

Robson accuses me of being unable to preside fairly over the dispute, because (1) I previously (until July 3, 2011) was employed as a government attorney, and (2) I stated in an order at docket number 23 at 2 that "the government is currently working on an opposition." Dkt. No. 24 at 15-22.  Robson puts forth no evidence to support any claim of bias or impropriety.  While Robson has not moved for my disqualification, Robson has moved to "sanction" me (dkt. no. 27), so I find it necessary to address these accusations at this time.

The statutory reasons for recusal are set forth in 28 U.S.C. § 455 and require a judge to recuse himself when (1) he has personal knowledge of the evidentiary facts, or (2) where he served in governmental employment and in such capacity participated as counsel, advisor, or material witness concerning the proceeding.  "In analyzing § 455(a) disqualification motions, we employ an objective test: whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Clemens v. U.S. Dist. Court for Cent. Dist. of Cal.*, 428 F.3d 1175, 1178 (9th Cir. 2005).  In this context, the "reasonable person" is not someone who is "hypersensitive or unduly suspicious," but rather a "well-informed, thoughtful observer" who "understand[s] all the relevant facts" and "has examined the record and law." *United*

Case No. 15-cv-03652 NC           3

*States v. Holland*, 519 F.3d 909, 913-14 (9th Cir. 2008) (citations omitted). This standard does not mandate recusal upon the mere "unsubstantiated suspicion of personal bias or prejudice." *Id.* at 913. Additionally, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). The mere fact that a judge was previously employed as an Assistant U.S. Attorney, and the U.S. Attorney represents the government in a case, is not grounds for disqualification. *Dev v. Donahoe*, No. 11-cv-2950, 2013 WL 5955081, at *1 (E.D. Cal. Nov. 7, 2013).

As stated on the record, I have had no ex parte communications with the government attorneys concerning these proceedings. I have no personal knowledge of the evidentiary facts in this case outside of what has been filed by the parties. I had no participation in this particular case while I was employed at the U.S. Attorney's office. *See United States v. Ruzzano*, 247 F.3d 688, 695 (7th Cir. 2001) ("As applied to judges who were former AUSAs, § 455(b)(3) requires some level of actual participation in a case to trigger disqualification.") (citations omitted). Additionally, I had no supervisory responsibilities at the U.S. Attorney's office, so did not supervise this case or the attorneys involved in the present case. Finally, Robson's argument of my bias is based on my prior rulings in his case, and is not supported by any evidence or facts. In conclusion, I find that a reasonable person could not question my impartiality in this case.

### B.  Motion for Reconsideration

Civil Local Rule 7-9 provides that motions for reconsideration require the moving party to show reasonable diligence, and that (1) a material difference in fact or law exists, (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments. The moving party is prohibited from repeating any oral or written document made by the party in support of or in opposition to the interlocutory order. Civ. L.R. 7-9.

Here, Robson has not identified a new or material different in fact or law. Robson takes issue with the Court's prior ruling for being premature and without the benefit of the government's opposition. Additionally, Robson rehashes prior arguments and asks the

1  Court to change its opinion.  Since Robson does not present any new material facts or
2  change in the law, the Court could deny the motion on that basis.  However, the Court
3  granted Robson an opportunity to renew his motion for summary judgment.  Thus, the
4  Court will consider this motion as Robson's final opportunity to present arguments that the
5  ALJ erred in making his decision.

### C. Court's Jurisdiction Over Social Security Appeals

Robson's arguments against the Commissioner are far beyond the scope of the administrative record.  As the Court previously noted, Congress has limited a federal court's jurisdiction in a social security case to reviewing only final decisions by the Commissioner.  42 U.S.C. § 405(g).  Specifically, the Social Security Act states, "No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter."  42 U.S.C. § 405(h).   Title 28 U.S.C. §§ 1331 and 1346 are the jurisdictional laws that grant federal district courts jurisdiction over cases involving federal laws and defendants.  In other words, Congress has removed a district court's power to review and rule on a case where an individual sues the Commissioner or Social Security Administration for a claim arising under the Act, except in its capacity as an appellate reviewing body for agency determinations that "arise under" the Social Security Act.

The Supreme Court has clarified that the phrasing "arise under" the Social Security Act applies to a "benefits case, where an individual seeks a monetary benefit from the agency (say, a disability payment, or payment for some medical procedure), the agency denies the benefit, and the individual challenges the lawfulness of that denial." *Shalala v. Illinois Council on Long Term Care, Inc.*, 529 U.S. 1, 10 (2000).  Further the Social Security Act bars federal subject matter jurisdiction in any benefits case "irrespective of whether the individual challenges the agency's denial of evidentiary, rule-related, statutory, constitutional, or other legal grounds." *Id.*

Robson appears to make three primary arguments: (1) that the Social Security

Administration unlawfully reduced his benefits under a treaty governing U.S. and Canadian social security credits; (2) that the Windfall Elimination Act is unconstitutional; and (3) the social security process or the treaty itself deprived Robson of his due process rights. The Court addresses each argument in turn.

### 1. The Commissioner's Decision

Robson argues that the Commissioner reached the wrong decision by denying his claim for more benefits. However, Robson does not point to a specific error of law that the Commissioner made, but rather, challenges the constitutionality of the Commissioner's process. As noted in *Illinois Council*, if Robson seeks damages from the Commissioner in the form of social security benefits, then the Court review is limited to reviewing the administrative record on appeal. 529 U.S. at 10. The record provides that the ALJ made a calculation of benefits based on Robson's credits in the United States and in Canada. Robson has not pointed to any specific errors in the ALJ's calculations. Thus, the Court concludes that the ALJ did not make an error of law and that substantial evidence in the record supports the ALJ's conclusion.

### 2. Windfall Elimination Act

Robson appears to argue that the Windfall Elimination Provision Act is unconstitutional. The Commissioner argues that the Windfall Elimination Provision ("WEP") does not apply to Robson's claims or the calculation of his benefits. Even if it did, Robson has presented no evidence that it violated his due process rights.

"In the area of social welfare, a statutory classification does not violate due process if it is rationally based and free from invidious discrimination." *Perez v. Colvin*, Case No. 15-cv-3012 WHA, 2016 WL 3566943, at \*3 (N.D. Cal. July 1, 2016) (citing *Wienberger v. Salfi*, 422 U.S. 749, 770 (1975). "Where economic and social welfare legislation is grounded in some rational basis, it is well settled that it does not offend due process simply because the classification is not made with mathematical nicety or because in practice it results in some inequality." *Das v. Sullivan*, 789 F. Supp. 324, 326 (N.D. Cal. 1992), *aff'd sub nom. Das v. Dep't of Health & Human Servs.*, 17 F.3d 1250 (9th Cir. 1994). Other

judges have found that the Windfall Elimination Act, 42 U.S.C. § 415(a)(7), is grounded on the rational basis of eliminating a retirement windfall at the expense of the Social Security Trust Fund, and is therefore constitutional. *Das*, 789 F. Supp. at 326; *Perez*, Case No. 15-cv-3012 WHA, 2016 WL 3566943, at *3.

### 3. Treaty Constitutionality

Finally, Robson appears to argue that the U.S./Canada pension treaty is unconstitutional or was entered into deceptively. The Social Security Act allows the President to enter into international agreements to coordinate the U.S. Social Security programs with the Social Security programs of other countries. 42 U.S.C. § 433; 20 C.F.R. § 404.1901. These are known as totalization agreements. *Id.* Generally, "treaties enacted pursuant to Article II [of the Constitution] receive a presumption of constitutionality." *Wang v. Masaitis*, 416 F.3d 992, 992 (9th Cir. 2005).

Additionally, "[q]uestions, in their nature political, or which are, by the constitution and laws, submitted to the executive can never be made in this court." *Marbury v. Madison*, 5 U.S. 137, 170 (1803). Because of the separation of powers in the constitution, not all legal questions are proper for the Court to answer. Rather, if a question is delegated to a different branch of government, the Court can exercise its discretion and decline to pass judgment on an action of the government. *Baker v. Carr*, 369 U.S. 186, 210-11 (1962). Cases involving foreign affairs and diplomatic relations invokes the political question doctrine because the Constitution delegates foreign affair powers exclusively to the executive branch. *See Chicago & S. Air Lines v. Waterman S. S. Corp.*, 333 U.S. 103, 111 (1948) ("the very nature of executive decisions as to foreign policy is political, not judicial"). In *Goldwater v. Carter*, 444 U.S. 996, 1002-04 (1979), a four-justice plurality concluded that a challenge to the President's unilateral termination of a treaty presents a political question.

Here, the Court finds that (1) no argument or evidence has been presented by Robson to rebut the presumption that a treaty is constitutional; and (2) the question of whether the treaty should have been enacted and its specific terms are not appropriate for

judicial review.

### 4. Conclusion

Based on the above and the reasons discussed in the court's prior order, the Court finds that Robson's arguments must be dismissed. The Court AFFIRMS the ALJ's calculation of Robson's benefits, and DENIES Robson's motions for summary judgment and reconsideration.

## D.   Robson's Request to Amend and Add Class Action Claims

Robson also seeks to amend the complaint to add class action claims. Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleadings only with the opposing party's written consent or the court's leave." The Court considers five factors in assessing whether to permit leave to amend the complaint: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

The Court concludes that amendment would be futile for the reasons listed above. Additionally, as decided in the last order, the Court finds that there is no justification for a delay in requesting amendment, amendment would prejudice the defendant, and since Robson intends to proceed pro se, he cannot fulfill the class action requirement to have class counsel. Fed. R. Civ. P. 23(c)(1)(B). The request to amend the complaint is DENIED.

## E.   Motion for Sanctions

Robson moves for sanctions of counsel for the Commissioner. Dkt. No. 27. "Three primary sources of authority enable courts to sanction parties or their lawyers for improper conduct: (1) Federal Rule of Civil Procedure 11, which applies to signed writings filed with the court, (2) 28 U.S.C. § 1927, which is aimed at penalizing conduct that unreasonably and vexatiously multiplies the proceedings, and (3) the court's inherent power." *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001). Robson does not identify which type of sanctions he seeks, nor does he state any basis for sanctions other than the

above-discussed theories that the government is conspiring against him. Dkt. No. 27. The Court concludes that sanctions are not appropriate against the government and DENIES this motion.

## IV. CONCLUSION

In conclusion, the Court finds the following:

1. Robson presents no new law or facts to support his motion for reconsideration, so the Court does not reconsider the rulings it already made in docket number 23.
2. The ALJ's decision is supported by substantial evidence and there is no error of law. Robson's appeal of the decision is DENIED and the decision of the ALJ is AFFIRMED.
3. Robson's motion to amend his complaint is DENIED.
4. Robson's motion for sanctions is DENIED.
5. Robson's request to take discovery at docket number 34 is DENIED as moot.

This order resolves all issues that the Court has jurisdiction to hear and no further briefing will be accepted. Judgment will be entered in a separate document, and the clerk is ordered to terminate the case.

**IT IS SO ORDERED.**

Dated: September 7, 2016                    _____
                                            NATHANAEL M. COUSINS
                                            United States Magistrate Judge